**Re RULES OF the UNITED STATES COURT OF APPEALS FOR the TENTH CIRCUIT, ADOPTED NOVEMBER 18, 1986.**

United States Court of Appeals, Tenth Circuit.

Feb. 14, 1992.

### ORDER

Before McKAY, Chief Judge, HOLLOWAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY and EBEL, Circuit Judges.

On November 18, 1986, the court adopted 10th Cir.R. 36.3 providing that "unpublished opinions and orders and judgments of this court have no precedential value and shall not be cited, or used by any other court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel." Circuit Judge Holloway (then Chief Judge) filed an unpublished dissent to that rule. Circuit Judges Barrett and Baldock joined in the dissent. The court is presently revising its rules. 10th Cir.R. 36.3 will not be revised, but will continue to include a reference to the dissent.

Accordingly, it is ordered that the dissent be published so that an appropriate citation thereto may appear in the revised rules.

### DISSENT TO ADOPTION OF 10TH CIR.R. 36.3

November 18, 1986

HOLLOWAY, Chief Judge, with whom BARRETT and BALDOCK, Circuit Judges, join, concurring and dissenting:

The revision of the Rules of the Tenth Circuit is highly commendable and it represents a monumental effort by several judges of the court and its staff. With appreciation, I join in the adoption of the Rules in all respects, except the provision

---

in Rule 36.3 prohibiting the citation of unpublished opinions and orders and judgments, which is limited to citation for the purpose of demonstrating the law of the case, res judicata, or collateral estoppel.

The most important reasons for permitting citation of published precedents are just as cogent to me in the case of unpublished rulings. Each ruling, published or unpublished, involves the facts of a particular case and the application of law—to the case. Therefore all rulings of this court are precedents, like it or not, and we cannot consign any of them to oblivion by merely banning their citation. *See Jones v. Superintendent, Virginia State Farm,* 465 F.2d 1091, 1094 (4th Cir.1972) ("... any decision is by definition a precedent ..."). No matter how insignificant a prior ruling might appear to us, any litigant who can point to a prior decision of the court and demonstrate that he is entitled to prevail under it should be able to do so as a matter of essential justice and fundamental fairness. To deny a litigant this right may well have overtones of a constitutional infringement because of the arbitrariness, irrationality, and unequal treatment of the rule.[1]

Moreover, what will this court do if we know of a prior ruling which is controlling, although it was unpublished? We would clearly have the duty as a matter of basic justice to apply it, and in so doing logic would demand citing the earlier ruling. *See* Reynolds & Richman, *The Non–Precedential Precedent,* 78 Col.L.Rev. at 1196–99.

The opposing considerations that may be said to justify the no-citation rule do not persuade me. First, a common reason given for the rule is that not all litigants or counsel have equal access to unpublished rulings.[2] Arguably such irregularity gives an unfair advantage to federal and state governmental litigants and other large organizations which are frequent litigants with the means to maintain a filing system for such rulings. The argument fails, however, because we can implement some reasonable measures to adjust for such an imbalance, as we did earlier by similar measures. We can make the rulings, together with a simple index, available at our circuit library and can distribute the rulings to the clerks of the district courts, to the state bar associations, and to other depositories at law schools, without an undue burden.

---

**1.** The Supreme Court has had two opportunities to rule on the constitutionality of the Seventh Circuit's no-citation rule, *see* 7th Cir.R. 35, but has not done so. In *Do–Right Auto Sales v. United States Court of Appeals for the Seventh Circuit,* 429 U.S. 917, 97 S.Ct. 341, 50 L.Ed.2d 302 (1976), the Court, in a single sentence disposition, denied leave for the petitioners to file petitions for writs of mandamus and prohibition after the Seventh Circuit struck the petitioners' citation of an unpublished decision. In *Bowder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), *rev'g.* 534 F.2d 331 (1976), the Court did not mention the no-citation question, although it had granted certiorari on the issue. *See* Reynolds & Richman, *The Non–Precedential Precedent—Limited Publication and No Citation Rules in the United States Courts of Appeals,* 78 Col.L.Rev. 1167, 1180 n. 74 (1978) (discussing *Do–Right* and *Bowder* ).

In *Jones v. Superintendent, Virginia State Farm,* 465 F.2d at 1094, the Fourth Circuit expressed the view that its procedure for screening and disposing of cases by unpublished decisions "accords with due process" and the court's "duty as Article 3 judges." However, although the court said it would not treat its unpublished decisions as precedent and said it prefers they not be cited, it acknowledged that it *"cannot deny litigants and the bar the right to urge upon us what we have previously done."* 465 F.2d at 1094 (emphasis added).

In addition, at least one commentator has expressed concern over the due process and equal protection implications of no-citation rules adopted in the federal courts. Note, *Unreported Decisions in the United States Courts of Appeals,* 63 Cornell L.Rev. 128, 141–145 (1977).

**2.** *See, e.g., United States v. Joly,* 493 F.2d 672, 676 (2d Cir.1974); *Jones v. Superintendent, Virginia State Farm,* 465 F.2d 1091, 1094 (4th Cir. 1972).

Commentators have argued that the no-citation rule may work to increase rather than decrease the unfairness to the uninitiated lawyer. "If ... the sophisticated attorney uses arguments or language drawn from the unreported case without citing it, his uninitiated opponent is unlikely to learn of its existence.... In sum, if unreported opinions are cited, the uninitiated lawyer can remedy his deficiency; if they cannot be cited, he may not even know a deficiency exists." Reynolds & Richman, *The Non–Precedential Precedent,* 78 Col.L.Rev. at 1199.

Making the rulings available in such places, with a rudimentary index, will afford the public, and bar and the district judges reasonable access to our unpublished rulings.

Second, proponents of the no-citation rule argue that many of the court's rulings are not significant precedents and are in fact essentially decisions on factual issues only, or are merely applications of clearly established legal principles not meriting publication or citation. This suggestion is wholly unpersuasive to me. If this were truly the case, considerations of efficiency and economy would lead counsel to rely on published decisions, rather than dig for unpublished rulings, and we would not need a no-citation rule. *See* Kanner, *The Unpublished Appellate Opinion: Friend or Foe?*, 48 Cal.St.B.J. 386, 446 n. 75 ("[W]hy would any lawyer in his right mind go to the trouble of finding and citing unpublished opinions which merely reiterate rules and rely on precedents already larding the *published* reports") (emphasis in original). Furthermore, when we make our *ad hoc* determination that a ruling is not significant enough for publication, we are not in as informed a position as we might believe. Future developments may well reveal that the ruling is significant indeed. As we know, we are frequently changing our views on publication of decisions, deciding later to publish them on motions of the parties or on our own motion. The classifications are too fine in many instances and we cannot confidently say, in deciding whether to publish, that we are not working an injustice on parties in later cases.

Third, it may be suggested that in the rush of our business, we must prepare orders and judgments which are not written in the form of polished discourses which we wish to serve as citable opinions. This is the most untenable of the notions suggested for the no-citation rule. In light of our caseload, we are obviously driven to entering orders which are not the literary models that we would like to produce as opinions. Nevertheless, the basic purpose for stating reasons within an opinion or order should never be forgotten—that the decision must be able to withstand the scrutiny of analysis, against the record evidence, as to its soundness under the Constitution and the statutory and decisional law we must follow, and as to its consistency with our precedents. Our orders and judgments, like our published opinions, should never be shielded from searching examination.[3]

I respectfully dissent from the adoption of the provision in the Rules barring citation of our unpublished rulings.[4]

---

**3.** For a detailed discussion of how limited publication and citation negatively affect the quality of judicial decisionmaking, *see, e.g.,* Reynolds & Richman, *An Evaluation of Limited Publication in the United States Courts of Appeals: The Price of Reform,* 48 U.Chi.L.Rev. 573, 598–626 (1981); Reynolds & Richman, *The Non–Precedential Precedent,* 78 Col.L.Rev. 1167 at 1199–1204.

**4.** I am mindful of the fact that a majority of the Circuits have similar provisions barring citation of unpublished rulings. *See* D.C.Cir.R. 8(f); 1st Cir.R. 14; 2d Cir.R. 0.23; 5th Cir.R. 47.5.3 ("an unpublished opinion should normally be cited only when it (1) establishes the law of the case, (2) is relied upon as a basis for res judicata or collateral estoppel, or (3) involves related facts"); 7th Cir.R. 35(b)(2)(iv); 8th Cir.R. 8(i); 9th Cir.R. 21(c). Other Circuits permit such citation. *See* 4th Cir.I.O.P. 36.5 (permitted but disfavored); 6th Cir.R. 24(b) (permitted but disfavored). The Third and Eleventh Circuits do not have specific rules governing the citation of unpublished authority, but the Third Circuit apparently permits it without restriction while the Eleventh apparently permits it if there is no better precedent available. *See* D. Stienstra, *Unpublished Dispositions: Problems of Access and Use in the Courts of Appeals* 51–52 (Federal Judicial Center 1985). Despite the policy in the majority of the Circuits, I remain convinced of the unsoundness of the no-citation rule.